62 F.3d 1425
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dean A. SCHWARTZMILLER, Plaintiff-Appellant,
v.
Mary Wendy ROBERTS, Margaret Trotman, Hector Zavala, Ken
McKillop, Defendants-Appellees.
 No. 94-35241.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 14, 1995.*
Decided Aug. 9, 1995.
 
 Before: CHOY, SNEED and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dean Schwartzmiller appeals pro se the district court's dismissal of his 42 U.S.C. Secs. 1983 and 1985 claims against various officials of the Oregon Bureau of Labor and Industries ("BOLI"). Schwartzmiller contends the district court erred by: (1) dismissing Schwartzmiller's complaint based on the Younger abstention ground, and (2) granting the BOLI's motion for a protective discovery order. We affirm.
 
 
 3
 Schwartzmiller contends the district court erred in dismissing his complaint because appellees' conduct was allegedly undertaken in bad faith or as a form of harassment and because the Younger abstention principle was inapplicable. Younger v. Harris, 401 U.S. 37 (1971). Abstention is appropriate in favor of state proceedings if: (1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) the proceedings provide plaintiff an adequate opportunity to litigate federal constitutional questions. Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982).
 
 
 4
 Appellant challenges two administrative proceedings initiated by the BOLI against him. The first administrative proceeding resulted in an order dated August 19, 1993, revoking appellant's right to hire minors in the future. Appellant had sixty (60) days from the date of that order to file a petition for review, but he did not do so. Instead, he filed a complaint in the district court on October 12, 1993. Appellant "may not avoid the standards of Younger by simply failing to comply with the procedures of perfecting [an] appeal within the [state] judicial system." Huffman v. Pursue, Ltd., 420 U.S. 592, 611 n.22 (1975). Thus, there was an ongoing judicial proceeding. The second administrative proceeding was commenced on September 1, 1993, and was still pending when appellant filed his complaint in the district court. If state proceedings were underway before the federal proceeding was initiated, the first prong of Younger is met. Kitchens v. Bowens, 825 F.2d 1337, 1341 (9th Cir. 1987), cert. denied, 485 U.S. 934 (1988).
 
 
 5
 A state's interest is evidenced where the agency was the body instituting the state proceedings and was the named defendant in the federal suit. Middlesex, 457 U.S. at 434-35. Thus, the second prong of Younger was also met in this case.
 
 
 6
 Where a federal claim can be raised during judicial review of the administrative proceeding, the third prong of Younger is met. State agencies in Oregon have the authority to resolve constitutional questions. Therefore, appellant could have raised his constitutional issues in the administrative proceedings, thereby satisfying the third prong of Younger. Middlesex, 457 U.S. at 435.
 
 
 7
 Abstention is inappropriate if the state proceedings are instituted in bad faith or if harassment is evident. World Famous Drinking Emporium, Ind., 820 F.2d 1079, 1082 (9th Cir. 1987). However, assertions of bad faith or harassment are insufficient if they are conclusory and unsupported by specific facts. Roberts v. Carrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). Since appellant's assertions of bad faith or harassment are conclusory and unsupported, abstention pursuant to Younger was appropriate.
 
 
 8
 Regarding appellant's second contention, the district court was within its discretion in limiting discovery, particularly since the issue was not the method or scope of discovery sought.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This case is appropriate for submission on the briefs and without oral argument pursuant to Fed. R. App. P. 34(a) and 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this Circuit except as provided by 9th Cir. R. 36-3